**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ANTHONY M. DUNAWAY, SR., | : | Case No. 3:25-cv-401 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| MONTGOMERY COUNTY, OHIO, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. #1). In his Motion, Plaintiff indicates that he is "presently unemployed / under-employed and has limited income and assets." *Id.* at 1. His sources of income include "Business owner[;] Self employed[.]" *Id.* Plaintiff does not state his current income. However, he specifies that his average monthly expenses total approximately $1,900. *Id.* He affirms that he does not have any significant savings or assets. *Id.* Although Plaintiff indicates that a "completed Affidavit of Indigency / Financial Statement" is attached to his Motion, there is no such attachment. *Id.* at 2. Additionally, Plaintiff has not signed his Motion.

In *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, the Supreme Court set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the Court's filing fee without depriving himself of the "necessities of life." *Id.* at 339 (internal quotation marks omitted). Although the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court

costs can be paid without undue hardship").  Consequently, unless it is clear that the one-time payment of the Court's filing fee will render the plaintiff unable to provide for himself, the Court cannot grant his *in forma pauperis* status.  *See Adkins*, 335 U.S. at 339.

In this case, Plaintiff's application raises questions as to his financial condition, as he provides little to no information.  As a result, the Court cannot ascertain the status of Plaintiff's financial condition, making it unclear whether paying the one-time filing fee of $405.00 would impose an undue hardship upon him.

Accordingly, Plaintiff is **ORDERED** to submit a complete Motion for Leave to Proceed *in forma pauperis* on or before **May 8, 2026.**  Plaintiff must sign his Motion.  *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented.").  The Clerk is directed to mail Plaintiff a blank Motion for Leave to Proceed *in forma pauperis* with a copy of this Order.

**IT IS SO ORDERED.**

April 24, 2026

s/*Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

2