**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ANTHONY M. DUNAWAY, SR.<br><br>Plaintiff,<br><br>vs.<br><br>OHIO SECRETARY OF STATE, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 3:25-cv-401<br><br><br>District Judge Thomas M. Rose<br>Magistrate Judge Peter B. Silvain, Jr. |

## REPORT AND RECOMMENDATION[1]

This matter is before the Court upon *pro se* Plaintiff's Motions for Leave to Proceed *in forma pauperis*. (Doc. #s 1, 4). For the reasons set forth below, the undersigned **RECOMMENDS** Plaintiff's Motions for Leave to Proceed *in forma pauperis* (Doc. #s 1, 4) be **DENIED** and that Plaintiff be **ORDERED** to pay the filing fee of $405.00.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent party to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. In *Adkins v. E.I. DuPont de Nemours & Co. Inc.,* the Supreme Court set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the party cannot pay the Court's filing fee without depriving himself of the "necessities of life." *Id*. at 339 (internal quotation marks omitted). Although the party need not be totally destitute to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs*., 21 F. App'x 239, 240 (6th

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the Court's filing fee will render the party unable to provide for himself and his dependents, the Court cannot grant his *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

In this case, Plaintiff filed his first Motion for Leave to Proceed *in forma pauperis* on November 20, 2025. (Doc. #1). In his Motion, Plaintiff indicated that he was unemployed/under-employed, but he is a business owner and/or self-employed. *Id.* at 1. He stated that his average monthly expenses total approximately $1,900.00. *Id.* However, Plaintiff did not sign his first Motion. *Id.* at 2. Accordingly, the undersigned ordered Plaintiff to file a completed Motion for Leave to Proceed *in forma pauperis.* (Doc. #3).

On June 16, 2026, Plaintiff filed his second Motion. (Doc. #4). In that Motion, Plaintiff indicated that he is employed by Loyal Lawns Landscaping LLC but reported that he does not earn any money per month. *Id.* at 42. Plaintiff received $520.00 in SNAP food assistance. *Id.* He attested that he does not have any cash on hand or in a savings, checking, or other account. *Id.* at 43. He lists only one creditor: child support ($350.00 per month). *Id.*

Further, Plaintiff has filed several other cases in the Southern District of Ohio, and he has also moved for leave to proceed *in forma pauperis* in each of them.[2] Throughout each of these filings, he has inconsistently reported his income, assets (such as vehicles), and creditors/expenses. For example, on January 6, 2026, Plaintiff reported earning $2,358.00 per month (3:26-cv-7, Doc.

---

[2] It appears that Plaintiff has filed six cases in this Court:

1. *Dunaway v. Montgomery County, Ohio, et al.*, No. 3:25-cv-00401-TMR-PBS
2. *Dunaway v. Wallace, et al.*, No. 3:26-cv-00007-WHR-PBS
3. *Dunaway v. Montgomery County Board of Commissioners, et al.*, No. 3:26-cv-00017-WHR-CHG
4. *Dunaway v. Wallace, et al.*, No. 3:26-cv-00033-MJN-PBS
5. *Dunaway v. Schiff, et al.*, No. 3:26-cv-00095-MJN-PBS
6. *Dunaway v. City of Miamisburg, Ohio, et al.*, No. 3:26-cv-116-MJN-CHG

#1, *PageID* #2). He indicated that his only expense was $350.00 per month in child support. *Id.* In the same case, on January 22, 2026, Plaintiff likewise stated that he made $2,358.00 per month. (3:26-cv-7, Doc. #3, *PageID* #68). However, Plaintiff reported that his regular monthly expenses totaled $2,191 (with an additional $363 every three months). *Id.* at 69. On February 4, 2026, in a separate case, Plaintiff indicated that he made about $2,200 per month but less in winter months. (3:26-cv-33, Doc. #1, *PageID* #2). He further provided that he pays $1,100 for rent per month, $350 to AES per month, and $280 to McMahans Bottle gas every three months. *Id.* at 3.

In another case, Plaintiff reported in April 2026 that he had "no rent obligation" because he resides with his grandmother and no monthly expenses except child support in the amount of $350.00 per month. (3:26-cv-17, Doc. #4, *PageID* #25). Although Plaintiff—in the same case—previously indicated that he owned a truck, a trailer, and mowers, by April 2026, he claimed not to have any valuable property. *Id.* Moreover, as documented by Magistrate Judge Caroline H. Gentry, Plaintiff appears to own Loyal Lawns, the "seasonal lawn care" business he mentions.[3] *Id.* at 29; (Doc. #4, *PageID* #42). Additionally, the Ohio Secretary of State's website also lists a second business connected with Plaintiff at the same address: Bulls Dun Right LLC, a dog breeding company.[4] Plaintiff also appears to be the registered manager/officer for a third business, Bear Creek Holdings Legacy Group LLC, registered in Nevada.[5] However, Plaintiff has not provided any information on the value of or income received from these two other businesses. Furthermore, as noted above, Plaintiff has reported several different incomes from Loyal Lawns.

---

[3] *See* Business Details & Filings, Loyal Lawns Landscaping LLC, available at https://businesssearch.ohiosos.gov?=businessDetails/4498759 (last visited Nov. 23, 2026).
[4] *See* Business Details & Filings, Bulls Dun Right LLC, available at https://businesssearch.ohiosos.gov?=businessDetails/4906548 (last visited Nov. 23, 2026).
[5] *See* Entity Information, Bear Creek Holdings Legacy Group LLC, available by name search at https://esos.nv.gov/EntitySearch/OnlineEntitySearch (last visited June 30, 2026).

Finally, in another of Plaintiff's cases, District Judge Michael J. Newman denied Plaintiff's motion for leave to proceed *in forma pauperis* in October 2026. (3:26-cv-116, Doc. #8). Judge Newman noted that in Plaintiff's objections to Magistrate Judge Caroline H. Gentry's Report and Recommendation, "Plaintiff includes an affidavit in which his grandmother, Judith Dunaway, with whom he resides, testifies that he is no longer contributing toward household expenses. Doc. No. 6-2 at PageID 48. As Judge Gentry explains in the R&R, when Plaintiff's housing expense is set aside, he has more than sufficient funds to pay the filing fee." *Id.* at 68. Shortly thereafter, Plaintiff paid the $405.00 filing fee. *Id.* at Doc. #9.

Plaintiff bears the burden of demonstrating that he should be permitted to proceed *in forma pauperis*. *Dotson v. Colvin*, No. 7:16-CV-00198-GFVT, 2016 U.S. Dist. LEXIS 205449, at *2 (E.D. Ky. Nov. 7, 2016). Moreover, "a litigant [has] an obligation of truthfulness in his filings in this Court …." *Wright v. Watson*, No. 2:22-CV-4042, 2023 WL 3509656, at *2 (S.D. Ohio May 17, 2023), *report and recommendation adopted,* No. 2:22-CV-4042, 2023 WL 4042170 (S.D. Ohio June 16, 2023) (citing Fed. R. Civ. P. 11; *West v. AFSCME Bldg. Corp.*, No. 2:22-cv-2235, 2022 WL 18142399, at *1 (W.D. Tenn. Apr. 14, 2022)). Here, as outlined above, Plaintiff has provided inconsistent information regarding his financial status. Accordingly, the undersigned finds that Plaintiff has not shown that, because of his poverty, he is unable to pay for the costs of this litigation and still provide for himself.

It is therefore **RECOMMENDED** that Plaintiff's Motions for Leave to Proceed *in forma pauperis* (Doc. #s 1, 4) be **DENIED** and that he be **ORDERED** to pay the $405.00 filing fee within **<u>30 days</u>** of any Order adopting this Report and Recommendation. Plaintiff is advised that failure to pay the filing fee may result in a Report and Recommendation to the District Judge that

this matter be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co*., 370 U.S. 626, 630-31 (1962).

November 23, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).